# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 718 | DATE | 10/18/2004 |
| CASE TITLE | | Tyler vs. Bank One | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry]   Enter Memorandum Opinion and Order. Bank One's motion to dismiss is denied. |
| (11) | ■ | [For further detail see order on the reverse side of the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# ORDER

Plaintiff, Eula Tyler, brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to recover benefits due to her under the Bank One Corporation Cash Balance Pension Plan. Defendants, Bank One Corporation and Bank One Corporation Personal Pension Plan (collectively referred to as "Bank One"), have moved to dismiss. Bank One's motion is denied.

According to the Amended Complaint, Plaintiff Eula Tyler began working for NBD Bancorp, Inc., ("NBD") in 1971. (R. 11-1, Am. Compl. ¶8). While at NBD, Plaintiff was a participant in the NBD Bancorp, Inc., Retirement Plan ("the NBD Plan") and earned retirement benefits under that plan. (R. 11-1, Am. Compl. ¶9). In 1996, NBD merged with First Chicago Corporation creating First Chicago NBD Corporation. When NBD and First Chicago merged, the NBD Plan merged with the First Chicago Pension Plan creating the First Chicago NBD Corporation Personal Pension Account Plan (the "First Chicago NBD Plan"). (R. 11-1, Am. Compl. ¶10). After the merger of NBD and First Chicago, Plaintiff continued to work for the merged company and was a participant in the First Chicago NBD Plan. (R. 11-1, Am. Compl. ¶11).

In 1998, First Chicago NBD merged with Bank One Corporation. During this merger, the First Chicago NBD Plan merged with the Bank One Corporation Cash Balance Pension Plan (the "Bank One Plan"). (R. 11-1, Am. Compl. ¶12). After the merger of First Chicago NBD and Bank One Corporation, Plaintiff continued to work for the merged company, Bank One Corporation, and participated in the Bank One Plan, until her employment was terminated on November 30, 2001. (R. 11-1, Am. Compl. ¶13). Upon her termination, Plaintiff requested and received a lump sum pension benefit from the Bank One Plan. (R. 11-1, Am. Compl. ¶19). Plaintiff's complaint is based on her assertion that Defendant calculated her lump sum benefit according to a formula not contained in the Bank One Plan, in violation of 29 U.S.C. §§ 1102(a)(1) and (b)(4). Specifically, Plaintiff asserts that Defendants failed to calculate her lump sum payment in accordance with §1.7 of the Bank One Plan.

In analyzing Defendants' motion to dismiss, the Court must assume as true all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the Plaintiff. *McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is only proper if it is clear that the Court could not grant relief under any set of facts that could be proved consistent with the allegations. See *Weatherly v. Ill. Bell Tel.*, 856 F.Supp. 1301, 1303 (N.D. Ill. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994). See also *Chemetall GMBH v. ZR Energy, Inc.*, 320 F.3d 714, 718 n.4 (7th Cir. 2003).

ERISA is a comprehensive statute regulating pension plans and their administrators. Central to ERISA is the right of a participant to civilly enforce claims to recover benefits due under the terms of a pension. See *Saracco v. Local Union 786 Bldg. Material Pension Fund*, 942 F.2d 1213, 1214 (7th Cir. 1991); 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). ERISA requires that every employee benefit plan shall specify the basis on which payments are made to and from the plan. 29 U.S.C §1102(b)(4). This requirement ensures that each plan participant knows where he or she stands with respect to the plan. *Kaszuk v. Bakery and Confectionery Union and Indus. Int'l Pension Fund*, No. 83-C-1177, 1985 WL 2183, at *1 (N.D. Ill. July 15, 1985). The pension plan agreement must set forth any rights to a particular method of payment. *Id.* must be found in the pension plan agreement itself. *Id.*

According to Defendants, §5 of the Bank One Plan grants various "Retirement Benefits" to participants of the Plan, and Plaintiff was entitled to have her benefits calculated under §5.3 of the plan, which provides for grandfathered NBD Plan benefits. Section 5.3 entitles Plaintiff to receive (1) the benefit provided in §5, or (2) the benefit set forth in Supplement B to the Bank One Plan, whichever is greater. The parties have agreed that Supplement B provides Plaintiff with the greater benefit.

Section 2 of Supplement B describes three distinct retirement and termination benefits. Section 2.1 provides for a "Normal Retirement Allowance" that is payable to a participant who retires on or after his normal retirement date. Defendants claim that §2.1 does not apply because Plaintiff did not retire on or after her normal retirement date. Section 2.2 provides for an "Early Retirement Allowance" that is payable to participants who are "age 55 with at least 5 years of vesting service." Based on Plaintiff's allegation that she is less than 55 years old, Plaintiff is not eligible for benefits provided by §2.2.

The final benefit, §2.3 provides for a "Deferred Vested Retirement Allowance" that is payable "annually" to a participant, on his Normal Retirement Date, "who has not attained the age of 55, but who has completed at least five years of Vesting Service and whose employment with an Employer is terminated." Section 2.3 defines Deferred Vested Retirement as the sum of the Member's Basic Vested Retirement Allowance and the Contributory Deferred Vested Retirement Allowance.

Defendants insist that they calculated Plaintiff's lump sum benefit in accordance with §2.3 of Supplement B. Plaintiff alleges that she received a lump sum payment. Neither §5 of the Bank One Plan or §2.3 of Supplement B describe the calculation of a lump sum payment. Rather, §2.3 defines the "annual amount" of the Deferred Vested Retirement Allowance. Clearly, none of the sections identified by Defendants can be used to calculate a lump sum payment. In fact, no lump sum formula is found anywhere in the Bank One Plan, except §1.7, which defines the Lump Sum Value of the NBD Benefit. The Bank One Plan, however, does not specify the time at which a participant is entitled to receive the lump sum value of the NBD Benefit defined in §1.7. Indeed, the Bank One Plan does not provide a method for calculating any lump sum payment that a participant is eligible for. Thus, Plaintiff properly alleges that the lump sum payment she received was calculated according to a formula not contained in the plan.

Defendants claim that §1.7 does not apply because it is simply a definition and does not provide any entitlement to Plaintiff. The Bank One Plan, though, must be read as a whole and all the provisions, including definitions, should be given effect. See *Ryan v. Chromalloy American Corp.*, 877 F.2d 598, 604 (7th Cir. 1989). As noted, §1.7 is the only section that discusses a method of calculating a lump sum payment. While it is unclear whether §1.7 applies to the calculation of Plaintiff's lump sum payment, this Court draws all reasonable inferences in favor of the Plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). Therefore, it is rational that Plaintiff alleges that §1.7 provides the proper calculation for the lump sum benefit that should have been received by Plaintiff because this is the only section that discusses lump sum benefits of an NBD Benefit. As a result, the allegations contained in the complaint are sufficient to make a claim that §1.7 should have been used to calculate the lump sum payment that Plaintiff was entitled to receive.

The Amended Complaint is commensurate with the notice pleading requirement of Federal Court. See FED. R. CIV. P. 8(a). Notice pleading requires a "short and plain statement" sufficient to give the Defendants fair notice of the claims and grounds on which relief is sought. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Plaintiff's allegation are enough to put Defendants on notice that the lump sum retirement benefit Plaintiff received was calculated according to a formula not contained in the Bank One Plan.

*[signature]*